# UNITED STATES DISTRICT COURT
for the
Southern District of West Virginia

**FILED**
JAN 11 2016
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
   ) Case No. 5:16-mj-00001
Apple I-Phone 6, Phone No. 704-408-8233 )
   )
   )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*: Apple I-Phone 6, Phone No. 704-408-8233. The cellular telephone is in the custody of the Raleigh County Sheriff's Department.

located in the ___Southern___ District of ___West Virginia___, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment A

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1201 | Kidnapping |
| 18 U.S.C. § 924(c) | Use of a firearm during a crime of violence |

The application is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.
☐ Delayed notice of ___ days (give exact ending date if more than 30 days: ___) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

James T. Waggy, Special Agent FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 01/11/2016

*Judge's signature*

City and state: Bluefield, West Virginia    Omar J. Aboulhosn, United States Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

IN RE SEARCH OF:

THE PROPERTY TO BE SEARCHED:  Case No. 5:16-mj-00001
Apple IPhone 6, Phone No.
704-408-8233

## ATTACHMENT A

Evidence, fruits and instrumentalities of violations of Title 18, United States Code, Sections 1201 and 924(c).

1. Sent and received text messages and other electronic messages stored on the cellular telephone;

2. Call logs, address books, contact lists, and calendars or schedules stored on the cellular telephone;

3. Photographs or other images, and voice memos or other recorded audio files stored on the cellular telephone; and

4. GPS coordinates, logs, and data.

A F F I D A V I T

STATE OF WEST VIRGINIA

COUNTY OF MERCER, to-wit:

I, James T. Waggy, being first duly sworn, do hereby depose and state as follows:

1. I am a Special Agent of the Federal Bureau of Investigation (FBI) and have been so employed since September 2002. I am currently assigned to the Pittsburgh Field Office, Huntington, West Virginia Resident Agency. Prior to my employment with the FBI, I was employed as a police officer with the Charleston West Virginia Police Department for over nine years, including approximately five years as a detective. During my employment with the FBI, I have participated in many different types of criminal investigations including but not limited to kidnapping, bank robbery, and other violent crimes, health care fraud, financial institution fraud, as well as matters relating to violent street gangs and criminal drug enterprises. In my capacity as an FBI Agent, I have received specialized training and/or have gained experience through everyday work in conducting these types of investigations.

2. As a Special Agent, I am authorized to investigate violations of laws of the United States and I am an investigative or law enforcement officer authorized by Rule

41(a) of the Federal Rules of Criminal Procedure to make applications for search and seizure warrants

3. This affidavit is based upon my investigation and the investigation and report of other officers.

4. I am submitting this Affidavit in support of an application for a warrant to search sent and received text messages, and other electronic messages ("Short Messages Service" or "SMS" messages, "Multimedia Message Service"/"MMS" messages, or electronic mail), all stored call logs, address books, contact lists, and calendars or schedules, any and all stored photos or other images and, any and all stored voice memos or other recorded files, and any and all GPS information from the following electronic device: Apple I-Phone, Phone No. 704-408-8233.

5. The aforementioned cellular telephone is equipped with a camera, audio recording capability, as well as all of the electronic data features and services which are described in the preceding paragraph.

6. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the portable electronic device described above was used in

2

committing violations of Title 18, United States Code, Sections 1201 and 924(c).

7. A cellular telephone or mobile telephone is a handheld wireless device used primarily for voice communications through radio signals. These telephones send signals through networks of transmitter/receivers called "cells," enabling communication with other cellular telephones or traditional "land line" telephones. A cellular telephone usually includes a "call log," which records the telephone number, date, and time of calls made to and from the phone.

8. In addition to enabling voice communications, cellular telephones now offer a broad range of capabilities. These capabilities include, but are not limited to: storing names and phone numbers in electronic address books or contact lists; sending, receiving, and storing text messages and email; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; accessing and downloading information from the internet; and sending, receiving, and storing GPS coordinates of phones location.

9. On December 23, 2015, officers with the Raleigh County Sheriff's Department responded to 456 Racetrack Road in Coal City, Raleigh County, West Virginia in reference to a possible

burglary that had just occurred. Officers had been advised that shots had been heard and that a male and female had fled the scene in a gray Dodge Charger. Officers were subsequently advised that the female, Miranda Sexton, had possible been kidnapped, and that the male suspect was SETH RADCLIFFE, and that the two were possible headed to North Carolina. A "be on the lookout" (BOLO) for the Charger was given out to the turnpike.

10. Upon arriving at 456 Racetrack Road in Coal City, West Virginia, the responding officer made contact with the neighbor who had witnessed the incident. The neighbor reported that she was outside in her outbuilding when she heard Miranda Sexton crying for help so she ran over to see what was wrong. The neighbor stated that a male was telling Miranda that she had broken his heart. The neighbor then stated that when the male saw her, he pointed a gun at her, and told her to back away or he would shoot her. The male still had the gun pointed at her when she heard the gun click. The neighbor stated that she believed the male fired the gun at her and it misfired. She immediately started to retreat back into her residence. Once inside her residence, the neighbor began texting Miranda's mother, Margret Reed. The neighbor told Margret that there was a man at the residence with Miranda and he had a gun.

4

The neighbor then stated that approximately 10 minutes later or less, she heard two to three gun shots coming from the residence and when she looked outside, she observed the male getting into his vehicle and Miranda getting into the passenger's seat of the vehicle. The male then sped off in a gray Dodge Charger taking Miranda with him.

11. The responding officer also interviewed Margret Reed. Ms. Reed stated that Miranda and SETH RADCLIFFE had moved to North Carolina together but had some problems so Miranda moved back home. Margret Reed provided the officer with SETH RADCLIFFE'S cell phone, 704-408-8233 and Miranda's cell phone number. Ms. Reed advised the officer that she had been receiving text messages from RADCLIFFE stating that he was done with his life and he was going to die today. Ms. Reed also stated that RADCLIFFE texted her that he had been hurt by Miranda and she was going to watch him die and that he promised he would not hurt Miranda. Ms. Reed stated that RADCLIFFE told her that if the police tried to stop him, that he was going to blow his brains out. Ms. Reed further informed the responding officer that she was a toll booth collector for the turnpike and that she had been advised that the car had already been through the Ghent toll booth around 18:15 hours. Ms. Reed stated that she asked RADCLIFFE to stop so she could talk with him but that

5

RADCLIFFE responded that he would not stop. Ms. Reed responded to RADCLIFFE that she knew he had already gone through the Ghent toll booth and that she believed he was going to North Carolina. RADCLIFFE responded he was going somewhere else.

12. The responding officer observed two spent ammo casings on the front porch of the residence and a bullet hole in the door and frame of the residence in the area of the door knob. Inside the doorway of the residence was a spent round and a bullet hole was observed in a chair close to the door. It appeared to the officers that the round passed through the chair and stopped at a gas heater on the living room wall where a round was found under the heater. A magazine for a Glock .45 caliber pistol was located in the driveway of the residence.

13. Using the cell phone number provided for RADCLIFFE by Ms. Reed, officers were able to track RADCLIFFE and Miranda and determined there last location to be in Wytheville, Virginia. Officers contacted the Virginia State Police and North Carolina State Police and asked for assistance in attempting to intercept RADCLIFFE. North Carolina State Police intercepted RADCLIFFE and, after a short pursuit, took him into custody. A search of the vehicle incident to RADCLIFFE's arrest revealed a Glock .45 caliber pistol in the middle console of the vehicle and an AR-15 Bushmaster rifle and a Mossberg 12-gauge shotgun in the backseat

of the vehicle. Officers also recovered RADCLIFFE's IPhone 6, silver in color, cellular phone from the middle console of the vehicle.

14. The officers did not review any text messages that may have been sent or received from RADCLIFFE's cellular phone. Further, the officers did not review any other electronic data stored in the cellular phone and no other officers reviewed any of the stored data in the cellular telephone. The cellular telephone taken from RADCLIFFE was transferred from the custody of the North Carolina State Police to the custody of the Raleigh County Sheriff's Department.

15. Based on the above, I believe there is probable cause to believe that the sent and received text messages and other electronic messages stored on the cellular telephone; the call logs, address books, contact lists, and calendars or schedules stored on the cellular telephone; photos or other images; GPS coordinates and history stored on the cellular telephone; voice memos or other recorded audio files stored on the cellular telephone, will yield information that has been used to facilitate and/or is evidence of kidnapping and using a firearm during a crime of violence and that there is probable cause to search the requested stored data. As previously noted, the aforementioned cellular phone obtained from SETH RADCLIFFE

7

includes all the aforementioned features.

16. Searching the cellular telephone for the evidence described above may require a range of data analysis techniques. In some cases, it is possible for agents to conduct carefully targeted searches that can locate evidence without requiring a time-consuming manual search through unrelated materials that may be commingled with criminal evidence. Criminals can mislabel or hide directories and other electronic data to avoid detection or take other steps designed to frustrate law enforcement searches for information. These steps may require agents to conduct more extensive searches, such as scanning areas of the device's memory not allocated to listed files, or opening every file and scanning its contents briefly to determine whether it falls within the scope of the warrant. In light of these difficulties, your affiant requests permission to use whatever data analysis techniques appear necessary to locate and retrieve the evidence described above.

17. WHEREFORE, your affiant respectfully requests an issuance of a search warrant to search the identified stored data in the above noted cellular telephone.

8

Further your affiant sayeth naught.

_____
JAMES T. WAGGY,
SPECIAL AGENT, FBI

Sworn to before me, and subscribed in my presence, this 11th day of January 2016.

_____
OMAR J. ABOULHOSN
United States Magistrate Judge